UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
M.K.B., O.P., L.W., M.A., Marieme Diongue,
M.E., P.E., Anna Fedosenko, A.I., L.A.M., L.M.,
Denise Thomas, and J.Z., on their own behalf,
and on behalf of their minor children and all others
similarly situated,

                        Plaintiffs,                  05 Civ. 10446 (JSR)
                                                      (ECF CASE)

     -against-

VERNA EGGLESTON, as Commissioner of the
New York City Human Resources Administration;       **ORDER**
ROBERT DOAR, as Commissioner of the New
York State Office of Temporary and Disability
Assistance; and ANTONIA C. NOVELLO, as
Commissioner of the New York State
Department of Health,

                        Defendants.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-1-07

WHEREAS, plaintiffs commenced this lawsuit on behalf of themselves and all others similarly situated, by complaint filed December 13, 2005, against Verna Eggleston, as Commissioner of the New York City Human Resources Administration ("HRA") (the "City defendant"), Robert Doar, as Commissioner of the New York State Office of Temporary and Disability Assistance ("OTDA") and Antonia C. Novello, as Commissioner of the New York State Department of Health ("SDOH") (collectively "State defendants"); and

WHEREAS, defendants have denied any and all wrongdoing alleged in the complaint by Answers filed on behalf of City defendant, dated November 6, 2006 and on behalf of State defendants, dated June 14, 2006; and

WHEREAS, plaintiffs moved for certification of a class and a preliminary injunction by Notice of Motion dated January 11, 2006; and

WHEREAS, City and State defendants opposed said motion; and

WHEREAS, this Court, by Opinion and Order dated August 29, 2006, granted plaintiffs' motion and certified this action as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2), with the class defined as:

> All Affected Immigrants who are, have been, or will be eligible for state or federally funded public assistance, Medicaid, or food stamps, and who either (a) have been or will be denied public benefits in whole or in part; (b) had or will have benefits discontinued or reduced, (c) have been or will be discouraged or prevented from applying; (d) have been or will be encouraged to withdraw an application by a New York City Job Center because of a misapplication of immigrant eligibility rules.
>
> For purposes of the foregoing paragraph, the term "Affected Immigrants" means (1) battered spouses and battered children of U.S. citizens or lawful permanent residents, who are Qualified Aliens as defined in 8 U.S.C. § 1641(c); (2) their immigrant children, or in the case of battered children, their immigrant parents, provided that they too are Qualified Aliens as defined in 8 U.S.C. § 1641(c); (3) lawful permanent residents who have been in that status for less than five years; and (4) persons who are Permanently Residing Under Color of Law (PRUCOL).

hereinafter the "Class;" and

WHEREAS, counsel for plaintiffs and defendants have signed a Stipulation and Order of Settlement (the "Stipulation"), a copy of which has been presented to this Court, for the purpose of settling the disputes between them; and

WHEREAS, the Stipulation is subject to the approval of this Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure upon a finding that the Settlement is fair, reasonable and adequate;

WHEREAS, before this Court may approve the Stipulation it must direct that notice be provided, pursuant to Rule 23(e)(1)(B), in a reasonable manner to all Class Members who would be bound by the Stipulation;

NOW, THEREFORE, IT IS HEREBY Ordered:

1. The parties to the proposed settlement shall, on or before 45 days after the date of the filing of this Order, provide notice containing the language annexed as Exhibit A, to the Class Members. The notice will be produced on posters with a minimum size of 18" by 24" in English and Spanish. Copies of the poster shall be paid for, produced, distributed and displayed as follows:

A. HRA, at its own expense, shall cause the English and Spanish posters to be displayed in the main client waiting area of each New York City Job Center in which an application for Family Assistance or Safety Net Assistance may be submitted to HRA in person. HRA will also display the English and Spanish posters at its fair hearing site at 330 West 34th Street;

B. HRA, at its own expense, will mail or deliver five copies of the English poster, and five copies of the Spanish poster with a request that they be posted, to each domestic violence service provider or other organization listed in Exhibit B;

C. HRA, at its own expense, will provide two hundred (200) posters, one hundred in English and one hundred in Spanish, to plaintiffs' counsel. Plaintiffs' counsel, at their own expense, will distribute said posters by mail or personal delivery, with a request that they be displayed, to locations where plaintiffs' counsel believe the posters will be viewed by Class Members, and shall provide defendants' counsel and this Court with a list of such organizations within 10 days of the date of distribution of the posters;

D.   HRA will provide ten English posters and ten Spanish posters to OTDA, and OTDA will display the posters in the waiting room(s) at the Office of Administrative Hearings located at 14 Boerum Place, Brooklyn, New York;

E.   Plaintiffs' counsel, at their own expense, shall post a copy of this notice in English and Spanish on at least one of the web sites of their respective firms/organizations.

3.   Objections by Class Members to the proposed settlement will be considered if filed in writing at the address of plaintiffs' counsel as specified in the notice on or before __May 3rd__, 2007 ("the final date for submission of written objections"), which date is twenty one days before the date of the fairness hearing, or if the Court grants permission to state such objections orally at the fairness hearing. Class Members who object to the Settlement in writing must do so by mailing their written objections so as to be received before the final date for submission of objections, with an indication on the mailing envelope that the correspondence relates to M.K.B. v. Eggleston. Plaintiffs' counsel will make copies of each objection received and will provide a copy to counsel for the City and State defendants on a weekly basis until and including the week following the week including the final date for submission of objections. Class Members or their representatives who submit written objections and request to speak at the hearing will be heard. Class Members or their representatives who do not submit written objections may attend the hearing and may speak at the hearing if the Court permits them to do so.

4.   Plaintiffs' counsel shall furnish this Court with copies of all objections, and counsel for all parties may furnish the Court with submissions for consideration by the Court on or before 5/17, 2007, which date is seven days before the date of the fairness hearing.

4

5. This Court will hold a hearing to consider whether the proposed settlement is fair, reasonable and adequate on __May 24__, 2007 at _10_ : _00_ a.m./p.m. in the Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., Courtroom 14B, New York, NY 10007.

Dated:   New York, New York
         January **31**, 2007

SO ORDERED:

_____
HON. JED S. RAKOFF